IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Genuine Truth Banner, | ) | Case No.: 6:22-cv-004583-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Branden Davis, Teniesha Tucker, William Burley, E. Rudy Tisdale, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

      This matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald ("Report and Recommendation" or "Report"), made under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1] Plaintiff Genuine Truth Banner ("Banner" or "Plaintiff"), proceeding *pro se*, filed this 42 U.S.C. § 1983 Complaint against Defendants Braden Davis ("Davis"), Teniesha Tucker, William Burley, and E. Rudy Tisdale, seeking monetary damages. (DE 13, p. 4.) Banner claims on April 2, 2020, Davis used excessive force by spraying him with mace after he was placed in his cell. (*Id.* at 6.) Banner claims this was done after he refused to give Davis his boxers and flushed them down the toilet. (*Id.*)

      Since Banner filed this action under 28 U.S.C. § 1915, the *in forma pauperis* statute, the District Court may dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted" is "frivolous or malicious," or "seeks monetary relief against a Defendant

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Accordingly, on April 14, 2023, the Magistrate Judge issued the Report given his initial review of the pleadings.  The Report found, "the instant action should be dismissed as it is duplicative of another case filed by the plaintiff regarding the alleged excessive force incident, and the other case remains pending at this time. *See Banner v. Tisdale, et al.*, C/A No. 6:21-cv-03456-JD-KFM (D.S.C.) ('Banner 1')." (DE 13, p. 3.)  The Report further notes:

> In Banner 1, the plaintiff moved to amend his complaint on several occasions as the litigation progressed. *Id*. at docs. 12; 13; 66; 77; 113; 129; 149. Some, but not all, of the plaintiff's motions to amend were granted. *Id*. at docs. 15; 85; 93; 137; 153; 165. Pertinent hereto, on July 25, 2022, the plaintiff filed a motion to amend his complaint to allege that "all use of force on him was unnecessary, excessive, and malicious to include him being stripped, him being maced by Davis as well as the assault/lynching described." *Id*. at doc. 113 p. 4. On August 17, 2022, the undersigned denied the plaintiff's request to add such a claim (granting only that part of the plaintiff's motion that sought to clarify the first name of defendant Davis), noting that "it appears the plaintiff is now attempting to 'change his mind again' about his alleged use of force incident" in order to gain an unfair tactical advantage. *Id*. at doc. 137 p. 2.

Since the filing of the Report, the Court dismissed Plaintiff's Federal law claims in Banner 1 for failure to exhaust administrative remedies, and the Court declined to exercise supplemental jurisdiction over Plaintiff's State law claim and ultimately dismissed Banner 1 without prejudice. (DE 213 in Banner 1.)

Banner objected to the Report on May 10, 2023 (DE 16); however, to be actionable, objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—*that are at the heart of the*

*parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After liberally construing Banner's response to the Report, the Court gleans the following "objection" to the Report. Banner objects to the Report because the "Magistrate Judge denied all attempts to bring the macing claim" in Banner 1 and "the Magistrate Judge is grossly unreasonable to now suggest this suit be dismissed as duplicative." (DE 16, p. 1.) However, Banner does not address this Court's dismissal of Banner 1 without prejudice because he failed to exhaust his administrative remedies. (*See* DE 213 in Banner 1.) The Court notes Banner appealed Banner 1, and the Fourth Circuit Court of Appeals affirmed this Court's dismissal of Banner 1 without prejudice for failure to exhaust administrative remedies. (DE 231 in Banner 1.) Given Banner's remedy in Banner 1, where he can pursue his administrative remedies, including the mace event, the Court overrules his objection.

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court adopts the Report and Recommendation and incorporates it by reference.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is dismissed *without prejudice* and without issuance and service of process.

**AND IT IS SO ORDERED.**

s/ Joseph Dawson, III

United States District Judge

Florence, South Carolina
August 26, 2024

3

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4